(October 27, 1978)

M & R RUBBISH REMOVAL COMPANY, INC., et al., Plaintiffs, v SALVATORE SPATARELLA et al., Defendants. LEONARD MORROW et al., Appellants; MICHAEL IANNITTI, Respondent.—In an action converted to a creditors' proceeding, the appeals are from an order of the Supreme Court, Suffolk County, dated May 17, 1978, which, *inter alia,* declined to resettle a prior order of said court authorizing the sale of A & M Carting Enterprises, Inc.'s (A & M) refuse collection route to Full Service Trucking, Inc. (Full Service) so as to (1) increase the purchase price to cover a fee awarded by the court to creditor Leonard Morrow and (2) impress a trust upon all payments made by the customers of the A & M route. Order reversed, without costs or

disbursements, and matter remanded to Mr. Justice Bracken at Special Term for further proceedings in accordance herewith. The subject proceeding has had a long history, during which time A & M, the debtor corporation, was put into receivership and its assets sold pursuant to court order. The conveyance of A & M's primary asset, a refuse collection route, to Full Service, under a bill of sale dated December 13, 1976, was made subject to Full Service's assumption of certain of A & M's debts and payment of 72 monthly promissory notes, executed by Full Service, which notes essentially covered only the assumed debts. The assumed debts consisted of taxes owed the Federal and State Governments and moneys still owed to the seller of the refuse collection route to A & M. It was subsequently discovered that just two months after Full Service purchased the refuse collection route from A & M it entered into an agreement with Josephine Garafola, doing business as Royal Sanitation Co., whereby Royal would service the route for 30 months, while Full Service retained most of the customer fees, and, after the 30-month period, Royal would acquire the route outright for $100, free and clear of all encumbrances. Royal's purchase price (including the value of its collection service for 30 months) is about double that paid by Full Service for the same route. Fearing that at the end of the 30-month period, Full Service would be without assets to pay the then remaining approximately 40 outstanding promissory notes given to complete its purchase from A & M, the State Tax Commission made application in the creditors' proceeding for a modification to protect its interests. Since Full Service had not assumed the debt of appellant Leonard Morrow, he cross-moved for somewhat different relief (to increase the purchase price paid by Full Service for the refuse collection route to cover his own court-awarded fees [on the theory the original conveyance was not made for fair market value] and to impress a trust upon the customer fees which would then be paid directly to a receiver). A hearing was held at which both Garafola and Full Service, via its president, Michael Iannitti (also a former president of A & M), appeared pursuant to witness subpoenas and testified, after challenging the court's jurisdiction over them. After the hearing, Special Term directed Garafola and Full Service to execute a rider to their agreement stating that the assets of Full Service which have been sold "are subject to the security interest and all the conditions in the bill of sale dated December 13, 1976". Recognizing that Garafola might take alternative action since she was not a party to the proceeding, Special Term declared that "in any past or future sale, transfer or assignment of the stock of Full Service or its assets, the refuse removal routes * * * are subject to the security, interest and all conditions included in the bill of sale dated December 13, 1976". Morrow's cross motion was denied. The instant appeal was then taken by Morrow as well as by a private sanitation union local and its trust funds which are also creditors of A & M. An article 78 proceeding in the nature of prohibition relating to the instant creditors' proceeding was brought by Garafola and is now also before this court. Under all the circumstances, we find that the interests of justice and all persons, corporations and government agencies interested in or affected by these various transactions, would best be served by remitting this matter to Special Term so that all necessary parties may be joined in the proceeding, thus obviating any jurisdictional difficulties. Special Term shall then direct whatever hearings it deems necessary, if any, and fashion an appropriate remedy. We express no opinion as to the form such remedy should take. Special Term is especially knowledgeable in this matter by reason of its prior supervision of the receivership and sale of A & M's assets. In light of the delays already encountered and the necessity for

swift resolution of the issues, we further direct that the matter be heard at Special Term *forthwith.* Mollen, P. J., Martuscello, Rabin and Gulotta, JJ., concur.